UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 7

SPONGETECH DELIVERY SYSTEMS, INC.,                                  Case No. 10-13647 (SMB)

                      Debtor.
-----------------------------------------------------------------x

**CONSENT ORDER APPROVING THE CHAPTER 7 TRUSTEE'S SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES IN ACCORDANCE WITH 11 U.S.C. §363 <u>SUBJECT TO THE TERMS AND CONDITIONS OF THE ASSET PURCHASE AGREEMENT</u>**

      Upon the motion dated March 3, 2011 (the "Motion") of Kenneth P. Silverman, Esq. (the "Trustee"), the chapter 7 trustee of the estate of Spongetech Delivery Systems, Inc. (the "Debtor"), by his undersigned attorneys, SilvermanAcampora LLP, seeking the entry of an order in accordance with sections 105 and 363 of title 11, United States Code (the "Bankruptcy Code"), authorizing, among other things, the Trustee's sale (the "Sale") of certain of the Debtor's assets, including, but not limited to, the Debtor's Intellectual Property (as defined in section 1 of the Asset Purchase Agreement, annexed to the Motion as **Exhibit "A"**) and certain inventory (collectively, the "Assets"), to Andrew Tzanides and Ciao Jiang, or their designee or assign (collectively the "Stalking Horse Offeror"), subject to such higher or better offers as may be tendered at a public auction sale, held on **April 11, 2011, at 1:00 p.m.** (the "Auction"), free and clear of all liens, claims, encumbrances, security interests and other restrictions on transfer, subject to the terms of the Asset Purchase Agreement (collectively, the "Liens"), with such Liens, if any, to attach to the proceeds of the Sale in the same amount, priority and validity as they currently exist (the "Sale Order"); and authorizing the Trustee to consummate the Sale contemplated under the Asset Purchase Agreement; and upon the hearing held on March 15, 2011 to consider proposed sale procedures in connection with the Sale and Auction; and upon the Order entered on March 15, 2011 (the "Sale Procedures Order"), authorizing the Trustee to conduct the Auction of the Assets, including providing for a break-up fee and certain bid protections to the Stalking Horse Offeror, subject to such higher or better offers to be obtained at the Auction; and a hearing having been held on April 14, 2011 on that portion of the Motion seeking approval of the Sale of the Assets (the "Sale Hearing"), at which time all parties in

interest were afforded an opportunity to be heard; and no objections to the relief sought at the Sale Hearing having been filed or otherwise raised at the Sale Hearing; and upon the record of the Sale Hearing which is incorporated herein by reference; and upon the affidavit of service of the Motion and the Sale Procedures Order on file with the Court; and upon the Declaration of Robert Nosek in further support of the Sale (Docket No. 266); and upon the proffers of Robert Nosek and Kenneth P. Silverman made on the record of the Sale Hearing and admitted into evidence in support of the relief sought at the Sale Hearing; and after due deliberation and consideration of all the facts and circumstances herein; and the relief sought in the Motion being determined to be in the best interests of the Debtor's estate and its creditors, and no further notice being necessary or required; it is hereby **FOUND AND DETERMINED THAT:**

A. For the reasons set forth on the record of the Sale Hearing, the Trustee has demonstrated good and sufficient business justifications for the Sale and has demonstrated compelling circumstances for the Sale under Bankruptcy Code § 363(b).

B. The sale procedures contained in the Sale Procedures Order provided a full, fair and reasonable opportunity for any person or entity to make an offer to purchase the Assets. The Auction was duly noticed, and the Trustee conducted the Auction in accordance with the Sale Procedures Order, in a non-collusive, fair and good faith manner.

C. The bid at the Auction of $500,000.00 (the "Purchase Price") for the Assets by the Stalking Horse Offeror (hereinafter the "Successful Bidder") was the highest and best offer for the Assets at the conclusion of the Auction.

D. As demonstrated by the testimony, or other evidence proffered or adduced at the Sale Hearing, the Trustee adequately marketed the Assets; and the Purchase Price constitutes the highest and best offer for the Assets and provides reasonable consideration for the Assets.

E. The Sale, the Asset Purchase Agreement and the transactions contemplated therein were negotiated, proposed and entered into by the Trustee and the Successful Bidder in good faith, without collusion and from arm's-length bargaining positions. The Successful Bidder is a "good faith purchaser" within the meaning of Bankruptcy Code § 363(m). Neither the Trustee nor the

Successful Bidder engaged in any conduct that would cause or permit the Sale, or the Asset Purchase Agreement, to be avoided or costs and damages to be imposed under Bankruptcy Code § 363(n).

F. Notice of the Sale Procedures Order and the Sale Hearing was fair and appropriate under the circumstances.

G. The Trustee has satisfied the requirements for Sale of the Assets free and clear of the Liens under Bankruptcy Code § 363(f).

H. The Stalking Horse Offeror, the Successful Bidder and Andrew Tzanides, Chao Jiang or their designee in their capacity as the Successful Bidder: (i) have not expressly or impliedly assumed any liabilities of the Debtor; (ii) are not engaged in any actual or *de facto* merger with the Debtor; (iii) are not affecting a mere continuation of the Debtor; and (iv) are not affecting a fraud upon the Debtor's creditors.

**NOW THEREFORE, IT IS HERBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted to the extent set forth herein and the Sale is approved as set forth in this Order.

2. All objections to the Motion or the Sale that have not been withdrawn, waived, settled or adjourned are hereby overruled on the merits, except as provided herein.

3. The Trustee is authorized and empowered to sell the Debtor's right, title and interest in the Assets to the Successful Bidder, free and clear of the Liens, except for Excluded Liens under the Asset Purchase Agreement, with such Liens to attach to the proceeds of such Sale in the priority and validity as they presently exist.

4. The Trustee is authorized to consummate the Asset Purchase Agreement and the transactions under the Asset Purchase Agreement.

5. In the absence of a stay pending appeal, if the Successful Bidder fully performs under the terms and conditions of the Asset Purchase Agreement, then they shall be entitled to the protection of Bankruptcy Code § 363(m) with respect to the Trustee's Sale of the Assets and the purchase by the Successful Bidder of the Assets constitutes a purchase in good faith for fair value

within the meaning of Bankruptcy Code § 363(m).

6. The Sale approved by this Order is not subject to avoidance, pursuant to Bankruptcy Code § 363(n).

7. Notwithstanding Rule 6004(h) the Federal Rules of Bankruptcy Procedure, this Order shall be effective as of the date of its entry.

8. The service of the Notice of Sale pursuant of the Sale Procedures Order as reflected on the Affidavits of Service field with the Court is deemed good and sufficient service and no further notice of the relief provided for herein is necessary or required.

9. Each and every federal, state and local governmental agency, department and official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Asset Purchase Agreement.

10. The Trustee is authorized to modify or amend the Asset Purchase Agreement in a writing signed by both parties to the Asset Purchase Agreement, without further order of the Court, provided that any such modification or amendment does not materially change the terms of the Asset Purchase Agreement, except as provided for herein.

11. The Sale, the Asset Purchase Agreement, and the transactions contemplated thereby shall not subject the Stalking Horse Offeror, the Successful Bidder, or Andrew Tzanides, Chao Jiang or their designee in their capacity as the Successful Bidder, to successor liability for any claims, demands, damages, actions, and causes of action, arising out of or relating to: (i) the business conducted by the Debtor at any time prior to closing upon the Asset Purchase Agreement; or (ii) the assets of the Debtor, including the Acquired Assets as defined in the Asset Purchase Agreement, for claims incurred or arising prior to the closing upon the Asset Purchase Agreement.

12. The Acquired Assets as defined in the Asset Purchase Agreement shall be deemed to mean:

>   (i) the Debtor's tangible personal property, if any, except for any computer servers or hard drives, or like storage medium; and
>
>   (ii) inventory and, if any, work in process and raw materials of the Debtor,

BSS/862085.3/059228

wherever located, whether or not subject to the Intellectual Property Rights owned by third parties, but excluding the Easter Seals Inventory; and

    (iii)    the Acquired IP; and

    (iv)    the Data; and

    (v)    all other property owned by the Debtor or in which the Debtor possesses an interest, provided, however, that the Acquired Assets do not include any Excluded Assets.

13.    The Deposit as defined in the Asset Purchase Agreement shall be deemed to mean the sum of One Hundred and 00/100 ($100,000) Dollars, which represents Twenty (20%) of the Agreement Purchase Price, receipt of which is acknowledged by the Trustee. In addition to any and all authority previously granted to the Trustee in the Sale Procedures, the Asset Purchase Agreement, and any prior orders of the Court in this case concerning the Asset Purchase Agreement, the Trustee shall be, and hereby is, authorized in his sole discretion to amend, modify, or otherwise change the Closing Date under the Asset Purchase Agreement and the Sale Procedures on whatever terms he deems necessary in his sole discretion without need for further order of the Court.

14.    To the extent the language in the Asset Purchase Agreement suggests the Acquired Assets constitute only those assets set forth on Exhibit "D" of the Asset Purchase Agreement, or in the event of any other conflict between this Order and the provisions of the Asset Purchase Agreement, the provisions of this Order shall be deemed controlling.

15.    All capitalized terms not defined in this Order shall have the meanings set forth in the Asset Purchase Agreement.

16.    The Trustee is authorized to do such things and execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of this Order.

***Remainder of Page Intentionally Left Blank***

BSS/862085.3/059228

17. This Court shall retain jurisdiction to interpret or implement any of the terms and conditions of this Order.

Dated: New York, New York
April 27, 2011

                                      **/s/ STUART M. BERNSTEIN**
                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE

**Consented and Agreed to:**

Dated: April 20, 2011
         Livingston, New Jersey

**Rabinowitz, Lubetkin & Tully, LLC**
Counsel to Stalking Horse Offerors

   s/Jay L. Lubetkin
Jay L. Lubetkin, Esq.
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100, Ext. 105

Dated: April 20, 2011
         Jericho, New York

**SilvermanAcampora LLP**
Counsel to Kenneth P. Silverman, Esq,
as the Chapter 7 Trustee of the Estate
of Spongetech Delivery Systems, Inc.

   s/Anthony C. Acampora
Anthony C. Acampora
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300