RE: Spongetech - 10-13647 (SMB)
Alevrides, Bill A.
to:
David Pilon, bsilverman@silvermanacampora.com
06/06/2011 09:06 AM
Cc:
"ksilverman@silvermanacampora.com", "aacampora@SilvermanAcampora.com",
"chillie.v@gmail.com", "bradley735@hotmail.com", "greenwich4@aol.com",
"bob@transanalysis.com", "symoskowitz@msn.com", "bgreenberger@gsmetal.com",
"dan@pikecapital.com", "christinebrenner2@gmail.com", "whiplash_investor@yahoo.com",
"asomeshwar@src-ncasi.org", "bpemble@gmail.com", "baudec@embarqmail.com",
"abefern@gmail.com", "alalim@lewistonauto.com", "amnj888888@aol.com",
"albertvenegas323@yahoo.com", "bozack187@hotmail.com", "anastaslastrlke@aol.com",
"ashercameron1@gmail.com", "bgraae@comcast.net", "william.beattie@alcatel-
lucent.com", "bkirsch22@gmail.com", "brentmcmahill2004@yahoo.com",
"bbarson@cornerstonecompany.com", "brianchuo@aol.com", "bkcarman@cox.net",
"russell.brown@us.army.mil", "chuckart82@hotmail.com", "charlie@chiswickelectric.com",
"cpamieta@gmail.com", "cnenninger@spartainsurance.com", "sciampa@challiance.org",
"claflin63@aol.com", "curtl@hoa-insurance.com", "d.baum@hotmail.be",
"dachef1039@aol.com", "jkaplowitz@gerstensavage.com", "msiegel@brownrudnick.com",
"taoje@sec.gov", "simpsonr@sec.gov", "william.schaeffer@usdoj.gov",
"jeffrey.goldberg@usdoj.gov", "bernstein.chambers@nysb.uscourts.gov"
Show Details

The judge needs to know what is going on with this trustee.... Obviously, they/he has an agenda

---

**From:** David Pilon [mailto:pilond2@yahoo.ca]
**Sent:** Monday, June 06, 2011 8:21 AM
**To:** bsilverman@silvermanacampora.com
**Cc:** ksilverman@silvermanacampora.com; aacampora@SilvermanAcampora.com; chillie.v@gmail.com;
bradley735@hotmail.com; Alevrides, Bill A.; greenwich4@aol.com; bob@transanalysis.com;
symoskowitz@msn.com; bgreenberger@gsmetal.com; dan@pikecapital.com; christinebrenner2@gmail.com;
whiplash_investor@yahoo.com; asomeshwar@src-ncasi.org; bpemble@gmail.com; baudec@embarqmail.com;
abefern@gmail.com; alalim@lewistonauto.com; amnj888888@aol.com; albertvenegas323@yahoo.com;
bozack187@hotmail.com; anastaslastrlke@aol.com; ashercameron1@gmail.com; bgraae@comcast.net;
william.beattie@alcatel-lucent.com; bkirsch22@gmail.com; brentmcmahill2004@yahoo.com;
bbarson@cornerstonecompany.com; brianchuo@aol.com; bkcarman@cox.net; russell.brown@us.army.mil;
chuckart82@hotmail.com; charlie@chiswickelectric.com; cpamieta@gmail.com;
cnenninger@spartainsurance.com; sciampa@challiance.org; claflin63@aol.com; curtl@hoa-insurance.com;
d.baum@hotmail.be; dachef1039@aol.com; jkaplowitz@gerstensavage.com; msiegel@brownrudnick.com;
taoje@sec.gov; simpsonr@sec.gov; william.schaeffer@usdoj.gov; jeffrey.goldberg@usdoj.gov;
bernstein.chambers@nysb.uscourts.gov
**Subject:** Spongetech - 10-13647 (SMB)

Mr. Silverman,

In below e-mail, I indicated I personally sent you multiple requests and warnings, starting back in Sept. 2010, for you to do the **claims mitigation work** and I referred you to July 29, 2010 hearing multiple times also.

I forgot to mention that I also personally sent you multiple requests and warnings, starting back in Aug. 2010, about **SpongeTech's $5 million interest in BTR.** (yes, that interest you are still insinuating as being 'alleged' on May 13, 2011) (see your own e-mail below)

You (Brett Silverman) cannot say that you did not receive those requests and warnings pretending they were sent to Ms. Quigley (your investors contact for SpongeTech estate), because Mr. Acampora said you were a team that was

meeting <u>daily</u>:

—— Forwarded Message ——
From: Anthony C. Acampora <AAcampora@SilvermanAcampora.com>
To: David Pilon <pilond2@yahoo.ca>
Cc: Kenneth P. Silverman <KSilverman@SilvermanAcampora.com>; Christine T. Quigley <CQuigley@SilvermanAcampora.com>; Brett S. Silverman <bsilverman@silvermanacampora.com>; Lynne M. Manzolillo <LManzolillo@SilvermanAcampora.com>
Sent: Thu, December 23, 2010 12:52:59 PM
Subject: RE: Hide

Mr. Pilon:

   The group of professionals that handle Spongetech speak daily...
...
Thank you for your inquiry. In the future, you can direct all of your inquiries to Ms. Quigley. Contrary to the statements contained in your email trail, she is fully informed of all developments in the Spongetech case.


Very truly yours,

Anthony C. Acampora
_____

Anthony C. Acampora
SilvermanAcampora LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 516.479.6330
Direct Facsimile: 516.945.6330
AAcampora@SilvermanAcampora.com
SilvermanAcampora.com


I can not copy all those requests and warnings I sent you, but here at at least the first three, showing you the dates (see in *red*):


----- Forwarded Message ----
From: David Pilon <pilond2@yahoo.ca>
To: CQuigley@SilvermanAcampora.com
Cc: KSilverman@SilvermanAcampora.com
Sent: Mon, August 23, 2010 5:10:50 PM
Subject: Fw: Formerly SpongeTech

Hi Ms. Quigley,

Please disclose who owes that promissory note. (see below)

Thank you,
David Pilon

------------------------
From: David Pilon <pilond2@yahoo.ca>
To: greenwich4@aol.com
Sent: Thu, August 12, 2010 9:12:15 AM
Subject: Re: Formerly SpongeTech

Hi Mr. Metter,

Was there something you did not understand in my questions? Do you consider my question illegitimate?

------------------------
From: David Pilon <pilond2@yahoo.ca>
To: greenwich4@aol.com
Cc: michael.metter@wgch.com

*Sent: Wed, August 11, 2010 8:37:52 AM*
*Subject: Formerly SpongeTech*

*Hi Mr. Metter,*

*I saw you joined SpongeTech bankruptcy case to get insurance money for lawyers fees.*

*SpongeTech Trustee disclosed in that case that a "former insider" has a $6 million promissory note owed to SpongeTech.*

*That's enough money to get SpongeTech out of bankruptcy right now and end the bankruptcy case.*

*Can you indicate:*
*1) If you are the person owing this? Or is it Mr. Lazauskas? (directly, or indirectly through RME)*
*2) Is it related to your settlement with BC Media Funding? (if yes, it does not bother me, I just want to know the reason for the promissory note)*
*3) If you are the person owing this, when do you anticipate reimbursing?*
*4) If you are the person owing this, do you anticipate reimbursing with cash, or with the radio station(s) you own?*

*Regards,*
*David Pilon (a SpongeTech shareholder)*

---

*----- Forwarded Message ----*
*From: David Pilon <pilond2@yahoo.ca>*
*To: CQuigley@SilvermanAcampora.com*
*Cc: KSilverman@SilvermanAcampora.com*
*Sent: Sun, September 26, 2010 3:11:08 PM*
*Subject: Blue Star Media*

*Hi Ms. Quigley,*

*Mr. Moskowitz informed me he gave you a document indicating the below mentioned $6 million promissory note is now under SpongeTech ownership (not under RM Enterprises ownership).*

*Can you please confirm this?*

> *"...On June 25, 2009, Map VI, Acquisition, Inc. (the "Company") and its wholly owned subsidiaries, Lifestyle TalkRadio Network, Inc., Greenwich Broadcasting Corporation, BTR West II, Inc., BTR Communications Boston II, Inc. and WURP East, Inc. (collectively, the "Subsidiaries") entered into a loan and security agreement (the "Agreement") with RM Enterprises International Ltd. ("RM"), whereby it sold to RM a secured convertible promissory note in the principal amount of up to $6,000,000 (the "Note"). The Note is convertible at any time at the option of the holder and will become due and payable on June 25, 2011..."*

> *http://www.sec.gov/Archives/edgar/data/1393934/000114420409035551/v153861_8k.htm*

*Note: Map VI Acquisition, Inc. changed name to Blue Star Media Group, Inc. after note was issued.*

*Regards,*
*David Pilon*

---

*----- Forwarded Message ----*
*From: David Pilon <pilond2@yahoo.ca>*
*To: CQuigley@SilvermanAcampora.com*
*Cc: KSilverman@SilvermanAcampora.com*
*Sent: Sun, September 26, 2010 8:23:33 AM*

*Subject: Contracts*

*Hi Ms. Quigley,*

*At the hearing in front of Judge Bernstein and more than 50 people in the audience, on July 29, Mr. Moskowitz said the following, in regards to the schedules filed by previous Trustee (Mr. Hays):*

*Mr. Moskowitz to Judge Bernstein: "...They're saying that: payables: $11.9 million. $9.8 million of them is contracts with sports teams, and that's the reason why there are not a lot of creditors here. Most of those are contracts for 2011, 12 and 13, that, the trustee knows can be broken. We gave them copies of those contracts..."*

*I personally think that this is absolutely true. But it needs to be done, and formally done. By you. Those contracts need to be formally and legally canceled for 2011, 2012 and 2013. Sports team already are selling them to other advertisers, so they have NO DAMAGES.*

*Also, keep in mind that all those sports companies did not let the spots empty in 2010! The SpongeTech banners were supposed to occupy a spot, but the sports companies removed them for 2010... and replaced them and sold the spots to other advertisers. So their "damages" for 2010 is virtually none too. Basically, what SpongeTech owes is only for what they did not pay but did receive service for in 2009. And that excludes the $400K for Madison Square Garden... which is not to be paid by SpongeTech, but by RME.*

*For the good of SpongeTech, please have these contracts canceled and make an announcement about it. You will see the funds come in for the remaining creditors right after such a good news.*

*This is NOT a company candidate for Chapter 7. Make sure Judge Bernstein understands it, as this was not the impression Trustee Silverman and Mr. Acampora were giving at August 26 hearing. Please readjust your thinking.*

*Regards,*
*David Pilon*

---

**From:** David Pilon <pilond2@yahoo.ca>
**To:** bsilverman@silvermanacampora.com
**Cc:** ksilverman@silvermanacampora.com; aacampora@SilvermanAcampora.com; chillie.v@gmail.com; bradley735@hotmail.com; alevriba@westinghouse.com; greenwich4@aol.com; mmetter@businesstalkradio.net; jweber@businesstalkradio.net; mfritz@hinshawlaw.com; bob@transanalysis.com; symoskowitz@msn.com; bgreenberger@gsmetal.com; dan@pikecapital.com; christinebrenner2@gmail.com; whiplash_investor@yahoo.com; asomeshwar@src-ncasi.org; bpemble@gmail.com; baudec@embarqmail.com; abefern@gmail.com; alalim@lewistonauto.com; amnj888888@aol.com; albertvenegas323@yahoo.com; bozack187@hotmail.com; anastaslastrlke@aol.com; ashercameron1@gmail.com; bgraae@comcast.net; william.beattie@alcatel-lucent.com; bkirsch22@gmail.com; brentmcmahill2004@yahoo.com; bbarson@cornerstonecompany.com; brianchuo@aol.com; bkcarman@cox.net; russell.brown@us.army.mil; chuckart82@hotmail.com; charlie@chiswickelectric.com; cpamieta@gmail.com; cnenninger@spartainsurance.com; sciampa@challiance.org; claflin63@aol.com; curtl@hoa-insurance.com; d.baum@hotmail.be; dachef1039@aol.com; jkaplowitz@gerstensavage.com; msiegel@brownrudnick.com; taoje@sec.gov; simpsonr@sec.gov; william.schaeffer@usdoj.gov; jeffrey.goldberg@usdoj.gov; bernstein.chambers@nysb.uscourts.gov
**Sent:** Sun, June 5, 2011 6:23:21 PM
**Subject:** Re: Possible forgery (loan letter)

Mr. Silverman,

Additionally to what has been provided to you below, please find attached document "***Default Letter Blue Star Media Loan12-31-2009.pdf***" which is the default letter sent to BTR on **Decembre 31, 2009** giving them **5 days** to

get their filings up to date or be in default on the $6M loan.

Please take good notice that **5 days later**, Mr. Metter deregistered its securities in Blue Star Media Filing on Jan 4th, 2010 (See FORM 15: http://www.sec.gov/Archives/edgar/data/1393934/000101376210000009/0001013762-10-000009-index.htm).

From that point forward RME owned 2/3 of BTR.

RME then assigned this ownership it to Spongetech on July 1st, 2010, right before the voluntary BK was filed. (See again "*Blue Star Media Loan Assignment Letter to Spongetech.pdf*")

See also "*Doc-119-4-Affidavit-of-Scott-Rosen-Atty-for-BTR-Loan.pdf*" which corroborates what is indicated by SpongeTech founder in "*Blue Star Media Loan Assignment Letter to Spongetech.pdf*"

See also "*Doc-119-2-Affidavit-of-Jeff-Weber.pdf*" which further corroborates what is indicated by SpongeTech founder in "*Blue Star Media Loan Assignment Letter to Spongetech.pdf*"

Finally, see loan agreement details:
http://www.sec.gov/Archives/edgar/data/1393934/000114420409035551/0001144204-09-035551-index.htm

It's your job to see the following abstracts, identified by one of the shareholders of SpongeTech, the estate you are responsible of:

Para 7.3 of the loan agreement under section 7 (Covenants). It reads:

> *7.3 SEC Filings. Borrower shall, within ninety (90) days of the Effective Date, file with the Securities and Exchange Commission all periodic and other reports it is required to file under the Securities Exchange Act of 1934, as amended (the "Exchange Act") or which it was required to file and which it has not filed to date. Until the earliest of the time that Lender no longer owns Securities, Borrower covenants to maintain the registration of the Common Stock under Section 12(b) or 12(g) of the Exchange Act and to timely file (or obtain extensions in respect thereof and file within the applicable grace period) all reports required to be filed by Borrower after the date hereof pursuant to the Exchange Act. As long as Lender owns Securities, if Borrower is not required to file reports pursuant to the Exchange Act, it will prepare and furnish to Lender and make publicly available in accordance with Rule 144(c) promulgated under the Securities Act, such information as is required for lender to sell the Securities under Rule 144. Borrower further covenants that it will take such further action as Lender may reasonably request, to the extent required from time to time to enable Lender to sell such Securities without registration under the Securities Act within the requirements of the exemption provided by Rule 144.*

Then look at section 8 (Events of default), para 8.8 - see the word "covenants"

> *8.8 The failure or refusal by Borrower to perform, or the breach or violation of any of the terms, obligations, covenants, or warranties of this Agreement or the Note and that failure or refusal continues unremedied for five (5) business days after written notice of such failure or refusal is given to Borrower by Lender.*

Then look at section 9 (Remedies in Event of default)

> *9. Remedies upon an Event of Default. Upon the occurrence of, and during the continuance of, any Event of Default hereunder, Lender shall be entitled, at its option and without notice, in its discretion, to:*
> *9.1 declare the Note immediately due and payable and add expenses, and fees (including, but not limited to reasonable attorneys' fees) to unpaid principal and interest whereupon the unpaid principal and interest under the Note, together with fees thereon and other liabilities and obligations of Borrower accrued hereunder, shall become immediately due and payable, without presentment, demand, protest, notice of dishonor, or any other notice of any kind, all of which are expressly waived by Borrower, anything contained herein notwithstanding;*
>
> *9.2 enforce collection of any of the Collateral by suit or any other lawful means available to the Lender, or demand, collect, or receive any money or property at any time payable or receivable on account of or in exchange for any of the Collateral;*
>
> *9.3 surrender, release, or exchange or otherwise modify the terms of all or any part of the Collateral, or compromise or extend or renew for any period any indebtedness thereunder or evidenced thereby;*

*9.4   assert all other rights and remedies of a Lender under the UCC and any similar statute or regulation (whether or not in effect in any applicable jurisdiction) and all other applicable law, including, without limitation, the right to take possession of, hold, collect, sell, lease, deliver, grant options to purchase, or otherwise retain, liquidate, or dispose of all or any portion of the Collateral. The Proceeds of any collection, liquidation, or other disposition of the Collateral shall be applied by the Lender first to the payment of all expenses (including, without limitation, all fees, taxes, reasonable attorneys' fees and legal expenses) incurred by the Lender in connection with retaking, holding, collecting, or liquidating the Collateral. The balance of such Proceeds, if any, shall, to the extent permitted by law, be applied to the payment of the Obligations in such order of application as determined by the Lender in its sole discretion to the extent such order of application is not inconsistent with applicable law. If notice prior to disposition of the Collateral or any portion thereof is necessary under applicable law, written notice mailed to Borrower at its notice address ten (10) days prior to the date of such disposition shall constitute reasonable notice. Without precluding any other methods of sale or other disposition, the sale or other disposition of the Collateral or any portion thereof shall have been made in a commercially reasonable manner if conducted in conformity with reasonable commercial practices of creditors disposing of similar property.*

Now go down to Exhibit A and look at section 4 below.

As soon as BTR failed to get filings up, they were in default. Letter attached was sent informing them of same.

*(4)      EVENT OF DEFAULT.*

*(a)      Event of Default. Each of the following events shall constitute an "<u>Event of Default</u>" hereunder:*

*(i)  Borrower's failure to pay to the Lender any amount when and as due under this Note; or*

*(ii)  any Event of Default (as defined in the Loan and Security Agreement) under the Loan and Security Agreement including but not limited to the filing of any case or proceeding under any bankruptcy law or similar provision of state law, or any effort by Borrower to impose a lien senior to that of Lender in any Collateral held by Lender.*

*(b)      Acceleration. Upon the occurrence of an Event of Default under this Note, Lender shall have, at its option, the right, without further notice or demand, which Borrower hereby expressly waives, to declare the unpaid principal and interest immediately due and payable and to exercise any other rights and remedies that Lender may have. Lender's failure to accelerate the payment of this Note upon the occurrence of one or more events of default shall not constitute a waiver of Lender's right to exercise such options at any subsequent time with respect to the same or any other event of default. Lender's acceptance of any payment under this Note which is less than payment in full of all amounts then due and payable shall not constitute a waiver by Lender of any right to declare a default hereunder or to pursue any remedy available under this Note, at law or in equity, or under any other agreement, instrument or document entered into by and between Borrower and Lender.*

Section 5 below is on loss of original note.

All SilvermanAcampora has to do is demand a new copy of the original note if your firm doesn't have one.

*(5)      LOST, STOLEN OR MUTILATED NOTE. Upon receipt by Borrower of evidence reasonably satisfactory to Borrower of the loss, theft, destruction or mutilation of this Note, and, in the case of loss, theft or destruction, of any indemnification undertaking by the Lender to Borrower in customary form and, in the case of mutilation, upon surrender and cancellation of this Note, Borrower shall execute and deliver to the Lender a new Note representing the outstanding principal.*

## If BTR defaults on the loan, RME gets the collateral which is 2/3 ownership of the company and all of its subsidiaries

*(b)  The number of shares to be issued upon conversion shall be equal to two thirds of the number of shares issued and outstanding shares of Common Stock following the conversion on a fully diluted basis, determined according to the following formula (the "<u>Conversion Ratio</u>"):*

$$\frac{C}{P} \ x \ (2 \times S)$$

*For purposes of the foregoing formula:*

*C = the Conversion Amount*

*P = the Principal Sum*

*S = the total number of issued and outstanding shares of Common Stock on the Conversion Date, plus all shares issuable upon the conversion or exercise, respectively, of all instruments representing rights to acquire Common Stock outstanding at the time of conversion , including without limitation all options, warrants, shares of preferred stock and convertible debt instruments*

---

**From:** David Pilon <pilond2@yahoo.ca>
**To:** bsilverman@silvermanacampora.com
**Cc:** ksilverman@silvermanacampora.com; aacampora@SilvermanAcampora.com; chillie.v@gmail.com; bradley735@hotmail.com; alevriba@westinghouse.com; greenwich4@aol.com; mmetter@businesstalkradio.net; jweber@businesstalkradio.net; mfritz@hinshawlaw.com; bob@transanalysis.com; symoskowitz@msn.com; bgreenberger@gsmetal.com; dan@pikecapital.com; christinebrenner2@gmail.com; whiplash_investor@yahoo.com; asomeshwar@src-ncasi.org; bpemble@gmail.com; baudec@embarqmail.com; abefern@gmail.com; alalim@lewistonauto.com; amnj888888@aol.com; albertvenegas323@yahoo.com; bozack187@hotmail.com; anastaslastrlke@aol.com; ashercameron1@gmail.com; bgraae@comcast.net; william.beattie@alcatel-lucent.com; bkirsch22@gmail.com; brentmcmahill2004@yahoo.com; bbarson@cornerstonecompany.com; brianchuo@aol.com; bkcarman@cox.net; russell.brown@us.army.mil; chuckart82@hotmail.com; charlie@chiswickelectric.com; cpamieta@gmail.com; cnenninger@spartainsurance.com; sciampa@challiance.org; claflin63@aol.com; curtl@hoa-insurance.com; d.baum@hotmail.be; dachef1039@aol.com; jkaplowitz@gerstensavage.com; msiegel@brownrudnick.com; taoje@sec.gov; simpsonr@sec.gov; william.schaeffer@usdoj.gov; jeffrey.goldberg@usdoj.gov; bernstein.chambers@nysb.uscourts.gov
**Sent:** Sun, June 5, 2011 8:57:04 AM
**Subject:** Fw: Possible forgery (loan letter)

Mr. Silverman,

Please see below, e-mails by SpongeTech founder, regarding the PDF document attached to current e-mail (***Blue Star Media Loan Assignment Letter to Spongetech.pdf***)

SpongeTech's interest in BTR is NOT ***'alleged'*** (your e-mail insinuating this, which you sent to (what you think) are all SpongeTech shareholders has been appended at the end of current e-mail, in case you forgot what you said)

Also, please see that BTR interest has been transferred to SpongeTech BEFORE SpongeTech filed for Chapter 11.

With this BTR interest of **$5 million dollars** backing the company, SpongeTech should NEVER have left Chapter 11, had you properly done your job of mitigating the frivolous Schedule F claims from advertising companies for 2011, 2012 and 2013 advertising contracts (approx. 80% of Schedule F claims as per what SpongeTech founder told loud and clear, right in front of Judge Bernstein at July 29, 2010 hearing).

I personally sent you multiple requests, starting back in Sept. 2010, for you to do this claims mitigation work and I refered you to July 29, 2010 hearing multiple times also.

Please start working for us and for the estate, not against.

Please stop letting SEC manipulate you, and please stop letting SEC work toward having us wiped out and revoked.

Regards,
David Pilon (a SpongeTech shareholder)


----- Forwarded Message ----
*From: "symoskowitz@msn.com" <symoskowitz@msn.com>*
*To: David Pilon <pilond2@yahoo.ca>*
*Sent: Sun, June 5, 2011 8:49:20 AM*
*Subject: Re: Possible forgery (loan letter)*

*In what way your missing a lot of pieces who ever sent you that has the rest*

*Sent from my Verizon Wireless BlackBerry*

------------------

*From: David Pilon <pilond2@yahoo.ca>*
*Date: Sun, 5 Jun 2011 05:03:12 -0700 (PDT)*
*To: <symoskowitz@msn.com>*
*Subject: Fw: Possible forgery (loan letter)*

*My point is that the July 1, 2010 document does not describe the real, current and true situation, and that there is still a missing document.  What's meaningless in that?*

------------------

*From: "symoskowitz@msn.com" <symoskowitz@msn.com>*
*To: David Pilon <pilond2@yahoo.ca>*
*Sent: Sun, June 5, 2011 7:58:14 AM*
*Subject: Re: Possible forgery (loan letter)*

*This document was dated before silverman so your point is meaningless*

*Sent from my Verizon Wireless BlackBerry*

------------------

*From: David Pilon <pilond2@yahoo.ca>*
*Date: Sun, 5 Jun 2011 04:51:22 -0700 (PDT)*
*To: <symoskowitz@msn.com>*
*Subject: Re: Possible forgery (loan letter)*

*As I said, I don't think the document is a forgery.  But the document confuses things.  It says RME has 120 million shares, and is dated July 1, 2010.  But in October 2010 you told me RME had given Silverman all shares "Every last one" and had nothing left.*

*So that would mean that this July 1, 2010 document does not describe the real, current and true situation, and additionally to that, it would mean there would still be another document missing (the one where RME gives back (transfers) these 120 million shares) (and that's not even mentioning the separate 267 million shares from an earlier buyback program that had been extended up to August 31, 2011)*

------------------

*From: David Pilon <pilond2@yahoo.ca>*
*To: symoskowitz@msn.com*
*Sent: Sun, June 5, 2011 7:40:26 AM*
*Subject: Re: Possible forgery (loan letter)*

*I don't think it's a forgery.  It's just that it's not from you I received the document, so I had to ask you if the document was a forgery.*

------------------

*From: "symoskowitz@msn.com" <symoskowitz@msn.com>*
*To: David Pilon <pilond2@yahoo.ca>*
*Sent: Sun, June 5, 2011 7:37:00 AM*
*Subject: Re: Possible forgery (loan letter)*

*I told I can't discuss case spongetech why would you think its a forgery*

*Sent from my Verizon Wireless BlackBerry*

--------------------

*From: David Pilon <pilond2@yahoo.ca>*
*Date: Sun, 5 Jun 2011 04:29:08 -0700 (PDT)*
*To: <symoskowitz@msn.com>*
*Subject: Re: Possible forgery (loan letter)*

*The question is: Is the document attached to this e-mail a forgery, yes or no?*

--------------------

*From: "symoskowitz@msn.com" <symoskowitz@msn.com>*
*To: David Pilon <pilond2@yahoo.ca>*
*Sent: Sun, June 5, 2011 6:58:36 AM*
*Subject: Re: Possible forgery (loan letter)*

*What's the question silverman hays have it already*

*Sent from my Verizon Wireless BlackBerry*

--------------------

*From: David Pilon <pilond2@yahoo.ca>*
*Date: Sun, 5 Jun 2011 03:32:03 -0700 (PDT)*
*To: <symoskowitz@msn.com>*
*Subject: Possible forgery (loan letter)*

*Mr. Moskowitz, is the document attached to this e-mail a forgery?*


----- Forwarded Message ----
***From:** Brett S. Silverman <bsilverman@silvermanacampora.com>*
***To:** "Alevrides, Bill A." <alevriba@westinghouse.com>; David Pilon <pilond2@yahoo.ca>;*
*bradley735@hotmail.com; bob@transanalysis.com; Suzanne Mobyed*
*<SMobyed@SilvermanAcampora.com>; symoskowitz@msn.com; bgreenberger@gsmetal.com;*
*dan@pikecapital.com; christinebrenner2@gmail.com; asomeshwar@src-ncasi.org; bpemble@gmail.com;*
*baudec@embarqmail.com; abefern@gmail.com; alalim@lewistonauto.com; amnj888888@aol.com;*
*albertvenegas323@yahoo.com; bozack187@hotmail.com; anastaslastrlke@aol.com;*
*ashercameron1@gmail.com; bgraae@comcast.net; william.beattie@alcatel-lucent.com;*
*bkirsch22@gmail.com; brentmcmahill2004@yahoo.com; bbarson@cornerstonecompany.com;*
*brianchuo@aol.com; bkcarman@cox.net; russell.brown@us.army.mil; bsmisson@pstel.com;*
*chuckart82@hotmail.com; charlie@chiswickelectric.com; cpamieta@gmail.com;*
*cnenninger@spartainsurance.com; sciampa@challiance.org; claflin63@aol.com; curtl@hoa-insurance.com;*
*d.baum@hotmail.be; dachef1039@aol.com*
***Sent:** Fri, May 13, 2011 10:30:44 AM*
***Subject:** RE: Spongetech Delivery Systems, Inc. - Case No. 10-13647 (SMB)*

*Mr. Alevrides and Mr. Pilon:*

*Please provide explanation how the settlements between the SEC and the Trustee affect the Trustee's administration and investigation of Spongetech's **alleged** interest in the BTR Note.*

*Thank you.*

*Brett S. Silverman*
*Associate*

## *SilvermanAcampora LLP*

*100 Jericho Quadrangle*
*Suite 300*
*Jericho , New York 11753*
*Telephone (516) 479-6324*
*Direct Facsimile (516) 945-6324*
*BSilverman@SilvermanAcampora.com*

*CONFIDENTIALITY NOTICE*
*The information contained in this electronic mail message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message and/or its attachments is strictly prohibited. If you have received this message in error, please immediately notify us by telephone and delete the message and any attached files. Thank you.*