UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                          :
                                                                :
SPONGETECH DELIVERY SYSTEMS,      :                 Chapter 7
INC.,                                                        :                 Case No. 10-13647(SMB)
                                                                :
                                      Debtor.        :
-------------------------------------------------------X

### MEMORANDUM DECISION AND ORDER
### REGARDING MOTION TO APPROVE SETTLEMENTS
### WITH THE SECURITIES AND EXCHANGE COMMISSION

**STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE:**

Kenneth P. Silverman, Esq., chapter 7 trustee (the "Trustee") of the debtor, Spongetech

Delivery Systems, Inc. (the "Debtor") has moved pursuant to Federal Bankruptcy Rule 9019 for

an order approving two settlements with the Securities and Exchange Commission ("SEC").  The

first involves the estate's consent to the entry of a judgment in the SEC's civil action against

Spongetech (the "Consent Judgment").  The second concerns the Trustee's Offer of Settlement

(the "Offer of Settlement") by which the estate consents to the entry of an SEC administrative

order revoking registration of the Debtor's registered securities.

### BACKGROUND

On May 5, 2010, the SEC initiated an action (the "SEC Action") alleging that the Debtor

violated certain antifraud, registration, and other provisions of the federal securities laws and that

its officers, among several others, were engaged in a "pump and dump" scheme that defrauded

the Debtor's investors.  The SEC Action seeks a permanent injunction restricting the Debtor

from further violations of the securities laws and a civil penalty and disgorgement in an amount

to be determined.  The Consent Judgment resolves that part of the SEC Action that seeks to

permanently enjoin and restrain the Debtor from violating certain federal securities laws and from altering or interfering with the SEC's access to the Debtor's records, books, and documents. The Consent Judgment also reserves the Commission's right to issue a civil penalty and disgorgement at a future date. Finally, the Consent Judgment provides that the Debtor shall cooperate with the Commission in the investigation and prosecution of the SEC Action.

The Trustee contends that the Consent Judgment is in the best interests of the Debtor's estate and the creditors. The estate has limited resources and no defense to the SEC Action. Further, the permanent injunction against violating the securities laws will not affect on the estate. Finally, the Consent Judgment may delay the imposition of a fine, civil penalty, or disgorgement.

The Offer of Settlement deals with a different issue. According to the Trustee, the Debtor faces deregistration of its publically-traded securities pursuant to § 12(j) of the Securities Exchange Act of 1934. The reason: the Debtor failed to file annual reports on Form 10-K since August 29, 2008 or periodic or quarterly reports on Form 10-Q for any fiscal period subsequent to the quarter ending Form 10-Q. Through the Offer of Settlement, the estate would consent to the entry of an order revoking the registration of each class of Debtor's registered securities.

The Trustee contends that the Offer of Settlement should be approved for several reasons. Deregistering the securities will protect unwary prospective shareholders from trading in the Debtor's registered securities; these securities have been trading on the grey market ever since the SEC's trading suspension expired in 2009. Additionally, the public shell has been considerably devalued due to the Debtor's failure to file the required Forms 10-K and 10-Q. Curing these defaults would require the preparation of audited financial statements for all the

2

missed fiscal quarters. In addition, the Trustee has concluded following consultation with industry experts that the cost of attempting to sell the public shell would far exceed any value that might be gained from the sale.

Several shareholders have objected to the Offer of Settlement though not the Consent Judgment. These objections raise two points. First, the Trustee has failed to satisfy the criteria for approving settlements. Second, deregistration would prevent shareholders from rehabilitating the Debtor and realizing the value of their shares.

## DISCUSSION

On a motion to approve a settlement, a bankruptcy court does not decide underlying questions of law or fact. *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), *cert. denied*, 464 U.S. 822 (1983). Instead, the court must determine that the settlement does not fall "below the lowest point in the range of reasonableness." *W.T. Grant Co.*, 699 F.2d at 608 (internal quotation marks and citation omitted). The decision is based on several factors including the risks and rewards of continued litigation, the possibility of delay, increased costs and difficulty in collection even if the trustee prevails, the interest of the creditors and whether they support the settlement, the competency of counsel that support the settlement and the extent to which the settlement reflects an arms-length bargain. *See In re Iridium Operating LLC*, 478 F.3d 452, 462 (2d Cir. 2007).

The Consent Judgment is not a true settlement; the estate does not get anything more than it would get by defaulting in the SEC Action. Nevertheless, the Trustee is concerned about simply defaulting without authorization from the Court. Accordingly, I will treat this aspect of the settlement motion as a motion under § 363 for authority to enter into the Consent Judgment,

3

and approve it.  Entry into the Consent Judgment is an appropriate exercise of business judgment

for the reasons stated in the Trustee's application.  The estate has no defense let alone money to

mount one and the permanent injunction will not adversely affect of the estate, its creditors or its

shareholders.

The Offer of Settlement raises different issues, and in the final analysis is premature.

Initially, there is no basis to question the Trustee's good faith or his concern that the continuation

of trading will cause additional harm to unsuspecting investors.  Nevertheless, the SEC has not

commenced an administrative proceeding or action to deregister the securities, and the estate gets

no benefit from agreeing to it *now*.  The shareholders, on the other hand, have articulated a

theory, as yet untested, that the Debtor can be restored to financial health.  The Trustee may be

correct in the end; a deregistration proceeding is inevitable.  Unless and until that comes to pass,

however, consenting to deregistration is unwarranted.

So ordered.

Dated: New York, New York
        July 29, 2011

/s/  *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Court

4